| | |
|---|---|
| STATE OF SOUTH DAKOTA )<br>:SS<br>COUNTY OF DEUEL ) | IN CIRCUIT COURT<br><br>THIRD JUDICIAL CIRCUIT |
| DANA MICHAEL WILSON,<br><br>        Plaintiff,<br><br>v.<br><br>MARIUSZ MAZUR and GO TO LOGISTICS, INC.,<br><br>        Defendants. | CIV. 21-<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS, MARIUSZ MAZUR AND GO TO LOGISTICS, INC., GREETINGS:**

    You are hereby summoned and required to serve upon Jeffrey Beck, BECK LAW, Prof. LLC, attorney for Plaintiff, whose address is 221 South Phillips Avenue, Suite 204, Sioux Falls, South Dakota 57104, an Answer to the Complaint, which is served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    Dated this 19th day of March, 2021.

                                            BECK LAW, PROF. LLC

                                            /s/ Jeffrey R. Beck
                                            Jeffrey R. Beck
                                            221 South Phillips Ave., Ste. 204
                                            Sioux Falls, SD  57104
                                            P: (605) 359-0135
                                            F: (605) 275-0628
                                            Becklaw@outlook.com
                                            *Attorney for Plaintiff*


EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH DAKOTA )<br>:SS<br>COUNTY OF DEUEL ) | IN CIRCUIT COURT<br><br>THIRD JUDICIAL CIRCUIT |
| DANA MICHAEL WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MARIUSZ MAZUR and GO TO LOGISTICS, INC.,<br><br>Defendants. | CIV. 21-<br><br>**COMPLAINT** |

Plaintiff, Dana Michael Wilson, by and through his attorney, Jeffrey R. Beck, BECK LAW, Prof. LLC, for his complaint against the Defendants, states and alleges as follows:

## FACTUAL ALLEGATIONS

1. Plaintiff is a resident of Sioux Falls, South Dakota.

2. Defendant Mariusz Mazur is resident of St. Louis, Missouri.

3. Defendant Go To Logistics, Inc. is a corporation registered in the state of Illinois with its principal address of 2233 West Street, River Grove, Illinois 60171.

4. On April 13, 2018, both Plaintiff and Defendant were traveling northbound on Interstate 29, in Deuel County, South Dakota.

5. Plaintiff was driving a Jeep Wrangler operating as a licensed South Dakota driver.

6. Defendant was driving a semi-truck towing a trailer while operating as non-resident motorist under a commercial driver's license issued in Missouri.

7. During the time when the parties were traveling on Interstate 29 there was blowing which contributed to reduced visibility and less than optimal road conditions.

8. Due to the road conditions and reduced visibility, traffic had become congested on the roadway and traffic slowed or was stop-and-go in some areas.

9. It was during a time when traffic was stopped or moving slowly that Plaintiff's Jeep was struck from behind by Defendant Mariusz Mazur's semi.

1

10. At the time of the collision, there were semi-trucks occupying both north-bound driving lanes of Interstate 29. Plaintiff was in the driving lane and slowed or stopped behind another vehicle that was directly behind a semi-truck. There was another vehicle directly behind Plaintiff and another vehicle stopped in the passing lane behind the stopped semi-truck in the left lane.

11. Defendant Mazur approached Plaintiff and the other vehicles from behind in the driving lane at an unsafe speed for the road and weather conditions and was unable to control his semi-truck and trailer.

12. The semi towing a trailer driven by Defendant Mazur first collided with the rear of the car that was behind Plaintiff in the right lane. The first car was hit and subsequently shoved into the passing lane where it glanced off a car which was parked. Defendant Mazur then continued and struck the rear of Plaintiff's Jeep which propelled Plaintiff's Jeep into the rear of the vehicle immediately in front of him. Defendant then shoved Plaintiff's Jeep into and across the passing lane where it was eventually deposited into the median.

13. The collisions ended when Defendant Mazur then drove off the roadway and jack knifed his semi in the ditch.

14. Plaintiff's vehicle sustained disabling damage in the amount of $29,027.68 as a result of the crash.

15. As a result of the crash, Plaintiff suffered not only property damage to his vehicle, but also suffered physical injuries, pain and suffering, loss of enjoyment of life and lost wages.

16. The accident caused Plaintiff to attend multiple medical and therapeutic appointments and Plaintiff suffered a permanent disability as result of the being struck by Defendant.

17. Plaintiff suffered a significant loss of wages and had his earning potential reduced by the injury sustained in the crash.

COUNT I
NEGLIGENCE

Plaintiff realleges paragraphs 1 through 17 inclusive, as if fully set forth herein.

18. Defendant Mazur owed Plaintiff a duty to exercise reasonable care in the operation of his motor vehicle.

19. Defendant Mazur breached his duty to the Plaintiff by failing to travel at a safe speed based on the conditions of the roadway, failing to properly control his vehicle and failed to keep a proper lookout for other vehicles.

20. Defendant Mazur's breach of his duty constituted negligence.

21. Plaintiff suffered general and special damages due to Defendant's breach.

22. Defendant Mazur's negligence was the proximate cause of Plaintiff's pain and suffering, physical injury, property damage, and past, present, and future economic losses.

## COUNT II
## NEGLIGENCE PER SE

Plaintiff realleges paragraphs 1 through 22 inclusive, as if fully set forth herein.

23. That an unexcused violation of a statute enacted to promote safety constitutes negligence per se. *Fritz v. Howard Township*, 1997 SD 122, ¶ 17, citing *Thompson v. Summers*, 1997 SD 103.

24. That SDCL § 32-25-3 (hereafter referred to as § 32-5-3) provides that "[i]t is a Class 2 misdemeanor for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing."

25. That SDCL § 32-24-8 (hereafter referred to as § 32-24-8) provides that "[a]ny person who drives any vehicle upon a highway... carelessly and without due caution, at a speed or in a manner so as to endanger any person or property, not amounting to reckless driving as defined in § 32-24-1, is guilty of careless driving."

26. That both § 32-25-3 and § 32-24-8 were designed for the benefit and safety of a class of persons which includes Plaintiff as a result of Defendant's non-performance of the statutory duty.

27. Both § 32-25-3 and § 32-24-8 set the standard of care of a reasonable person and violation of such statute is negligence.

28. Defendant Mazur has no excuse or justification, legal or otherwise, for violating said statutes.

29. Defendant Mazur's failure to operate his vehicle in compliance within the statutory requirements is the proximate cause of the Plaintiff's property damage, economic losses, pain, and suffering.

3

30. The Defendant Mazur's violation either or both § 32-25-3 and § 32-24-8 constitutes negligence per se.

## COUNT III
## VICARIOUS LIABILITY

Plaintiff realleges paragraphs 1 through 30 inclusive, as if fully set forth herein.

31. "The ancient doctrine of respondent superior is well established as 'holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Kirlin v. Halverson*, 2008 S.D. 107, ¶12 (quoting *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 2007 S.D. 33, ¶12).

32. At the time of the crash Defendant was an employee of and performing work within the scope of his employment for Defendant Go To Logistics, Inc.

33. Plaintiff's suffered injuries and damages as result Defendant's negligence and negligence per se while committed during scope of employment for the corporate Defendant.

34. Defendant Go To Logistics, Inc. is vicariously liable for the actions of their employee Mariusz Mazur.

**WHEREFORE**, Plaintiff respectfully seeks judgment against the Defendants as follows:

1. For judgment against the Defendants for Plaintiff's causes of action for negligence and negligence per se;

2. Money judgment against the Defendants for past, present and future compensatory damages, including damages to property, physical injuries, pain and suffering, loss of enjoyment of life, lost wages, prejudgment interest and attorney's fees; and,

3. For any other relief as the Court deems just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated this 18th day of March, 2021.

BECK LAW, PROF. LLC

/s/ Jeffrey R. Beck
Jeffrey R. Beck
221 South Phillips Ave., Ste. 204
Sioux Falls, SD  57104
P: (605) 359-0135
F: (605) 275-0628
Becklaw@outlook.com
*Attorney for Plaintiff*

## NOTICE OF APPEARANCE

JEFFREY R. BECK, BECK LAW, Prof. LLC, 221 South Phillips Avenue, Suite 204, Sioux Falls, SD, 57104, hereby notes his appearance on behalf of the Plaintiff named above.

/s/ Jeffrey R. Beck
Jeffrey R. Beck
BECK LAW, Prof. LLC
221 South Phillips Ave., Ste. 204
Sioux Falls, SD  57104
P: (605) 359-0135
F: (605) 275-0628
Becklaw@outlook.com
*Attorney for Plaintiff*

5