UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| DANA MICHAEL WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MARIUSZ MAZUR and GO TO LOGISTICS, INC., TOGO EXPRESS, INC., GT EXPEDITED, INC., and JOHN DOE ONE & TWO<br>Defendants. | 1:21-CV-01012-MAM<br><br><br><br>AMENDED COMPLAINT |

Plaintiff, Dana Michael Wilson, by and through his attorney, Jeffrey R. Beck, BECK LAW, Prof. LLC, for his complaint against the Defendants, states and alleges as follows:

FACTUAL ALLEGATIONS

1. Plaintiff is a resident of Sioux Falls, South Dakota.

2. Defendant Mariusz Mazur is resident of St. Louis, Missouri.

3. Defendants ToGo Express, Inc., GT Expedited, Inc, and Go To Logistics, Inc. are corporations registered in the state of Illinois with its principal address of 2233 West Street, River Grove, Illinois 60171.

4. Defendants ToGo Express, Inc., GT Expedited, Inc, and Go To Logistics, Inc. are all privately owned business and operated by the Rzdezian family.

5. The three Defendants ToGo Express, Inc., GT Expedited, Inc, and Go To Logistics, Inc. all associated businesses that provide freight and logistics services, share the same business address, are alter egos of one another, and act in concert and unified control.

6. Defendants ToGo Express, Inc., GT Expedited, Inc, and Go To Logistics, Inc. are alter egos of each other.

1

7. On April 13, 2018, both Plaintiff and Defendant were traveling northbound on Interstate 29, in Deuel County, South Dakota.

8. Plaintiff was driving a Jeep Wrangler, operating as a licensed South Dakota driver.

9. Defendant Mazur was driving a semi-truck owned by ToGo Express, Inc. and operated by Go To Logistics, Inc. towing a trailer while operating as non-resident motorist under a commercial driver's license issued in Missouri.

10. During the time when the parties were traveling on Interstate 29 there was blowing snow which contributed to reduced visibility and less than optimal road conditions.

11. Due to the road conditions and reduced visibility, traffic had become congested on the roadway and traffic slowed or was stop-and-go in some areas.

12. It was during a time when traffic was stopped or moving slowly that Plaintiff's Jeep was struck from behind by Defendant Mariusz Mazur's semi.

13. At the time of the collision, there were semi-trucks, John Doe One and John Doe Two, occupying both north-bound driving lanes of Interstate 29. Plaintiff was in the driving lane and slowed or stopped behind another vehicle that was directly behind a semi-truck, John Doe One. There was another vehicle directly behind Plaintiff and another vehicle stopped in the passing lane behind the stopped semi-truck, John Doe Two, in the left lane.

14. Defendant Mazur approached Plaintiff and the other vehicles from behind in the driving lane at an unsafe speed for the road and weather conditions and was unable to control his semi-truck and trailer.

15. The semi towing a trailer driven by Defendant Mazur first collided with the rear of the car that was behind Plaintiff in the right lane. The first car was hit and subsequently shoved into the passing lane where it glanced off a car which was parked. Defendant Mazur then continued and struck the rear of Plaintiff's Jeep which propelled Plaintiff's Jeep into the rear of the vehicle immediately in front of him. Defendant then shoved Plaintiff's Jeep into and across the passing lane where it was eventually deposited into the median.

16. The collisions ended when Defendant Mazur then drove off the roadway and jack knifed his semi in the ditch.

17. Plaintiff's vehicle sustained disabling damage in the amount of $29,027.68 as a result of the crash.

18. As a result of the crash, Plaintiff suffered not only property damage to his vehicle, but also suffered physical injuries, pain and suffering, loss of enjoyment of life and lost wages.

19. The accident caused Plaintiff to attend multiple medical and therapeutic appointments and Plaintiff suffered a permanent disability as result of the being struck by Defendant.

20. Plaintiff suffered a significant loss of wages and had his earning potential reduced by the injury sustained in the crash.

## COUNT I
## NEGLIGENCE

Plaintiff realleges paragraphs 1 through 20 inclusive, as if fully set forth herein.

21. Defendant Mazur owed Plaintiff a duty to exercise reasonable care in the operation of his motor vehicle.

22. Defendant Mazur breached his duty to the Plaintiff by failing to travel at a safe speed based on the conditions of the roadway, failing to properly control his vehicle and failed to keep a proper lookout for other vehicles.

23. Defendant Mazur's breach of his duty constituted negligence.

24. Plaintiff suffered general and special damages due to Defendant's breach.

25. Defendant Mazur's negligence was the proximate cause of Plaintiff's pain and suffering, physical injury, property damage, and past, present, and future economic losses.

## COUNT II
## NEGLIGENCE PER SE

Plaintiff realleges paragraphs 1 through 25 inclusive, as if fully set forth herein.

26. That an unexcused violation of a statute enacted to promote safety constitutes negligence per se. *Fritz v. Howard Township*, 1997 SD 122, ¶ 17, citing *Thompson v. Summers*, 1997 SD 103.

27. That SDCL § 32-25-3 (hereafter referred to as § 32-5-3) provides that "[i]t is a Class 2 misdemeanor for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing."

28. That SDCL § 32-24-8 (hereafter referred to as § 32-24-8) provides that "[a]ny person who drives any vehicle upon a highway. . . carelessly and without due caution, at a speed or in a manner so as to endanger any person or property, not amounting to reckless driving as defined in § 32-24-1, is guilty of careless driving."

29. That both § 32-25-3 and § 32-24-8 were designed for the benefit and safety of a class of persons which includes Plaintiff as a result of Defendant's non-performance of the statutory duty.

30. Both § 32-25-3 and § 32-24-8 set the standard of care of a reasonable person and violation of such statute is negligence.

31. Defendant Mazur has no excuse or justification, legal or otherwise, for violating said statutes.

32. Defendant Mazur's failure to operate his vehicle in compliance within the statutory requirements is the proximate cause of the Plaintiff's property damage, economic losses, pain, and suffering.

33. The Defendant Mazur's violation either or both § 32-25-3 and § 32-24-8 constitutes negligence per se.

## COUNT III
## VICARIOUS LIABILITY – NEGLIGENCE OF EMPLOYEE

Plaintiff realleges paragraphs 1 through 33 inclusive, as if fully set forth herein.

4

34. "The ancient doctrine of respondent superior is well established as 'holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Kirlin v. Halverson*, 2008 S.D. 107, ¶12 (quoting *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 2007 S.D. 33, ¶12).

35. At the time of the crash Defendant was an employee of and performing work within the scope of his employment for Defendant Go To Logistics, Inc.

36. At the time of the crash Defendant was operating under the control of, and on behalf of, Go To Logistics, Inc.

37. At the time of the crash Defendant Mazur was an employee of ToGo Express, Inc. and acting within the scope of his employment for Defendant ToGo Express, Inc.

38. At the time of the crash Defendant Mazur was operating on behalf of, and under the control of, ToGo Express, Inc.

39. At the time of the crash Defendant Mazur was an employee of GT Expedited acting withing the scope of his employment with GT Expedited.

40. At the time of the crash Defendant Mazur was operating on behalf of, and under the control of ,GT Expedited.

41. Plaintiff's suffered injuries and damages as result Defendant's negligence and negligence per se while committed during scope of employment for the corporate Defendant.

42. Defendant Go To Logistics, Inc. is vicariously liable for the actions of their employee Mariusz Mazur.

## COUNT IV
### JOHN DOE ONE AND TWO - NEGLIGENCE

Plaintiff realleges paragraphs 1 through 42 inclusive, as if fully set forth herein.

43. John Doe One and Two were negligent by either traveling at a slow speed or by blocking the northbound lanes of traffic in violation of traffic regulations.

44. The negligent act by John Doe One and Two of driving slow or stopping on the roadway, combined with the aforementioned negligence of Defendants, contributed to the crash described above.

45. Defendants are joint tortfeasors and therefore both jointly and severally liable to Plaintiff.

**WHEREFORE**, Plaintiff respectfully seeks judgment against the Defendants as follows:

1. For judgment against the Defendants, jointly and severally, for Plaintiff's causes of action for negligence and negligence per se;

2. Money judgment against the Defendants for past, present and future compensatory damages, including damages to property, physical injuries, pain and suffering, loss of enjoyment of life, lost wages, prejudgment interest and attorney's fees; and,

3. For any other relief as the Court deems just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated this 4th day of November, 2021.

BECK LAW, PROF. LLC

/s/ Jeffrey R. Beck
Jeffrey R. Beck
221 South Phillips Ave., Ste. 204
Sioux Falls, SD 57104
P: (605) 359-0135
F: (605) 275-0628
Becklaw@outlook.com
*Attorney for Plaintiff*

6